AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | 8:16-mj- |
| | ) | |
| JOSE AVIANEDA-ESPINOZA | ) | **8:16 MJ 1206 TBM** |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___12/15/2015 through 1/6/2016___ in the county of ___Hillsborough___ in the ___Middle___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 1001, 1028(a)(6), and 1028A. | Making material false representations; possession of a stolen identification document; and aggravated identity theft. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nidia Almonte, Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___4-12-16___

_____
*Judge's signature*

City and state:          Tampa, Florida

THOMAS B. McCOUN III, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Nidia Almonte, being duly sworn, hereby depose and state as follows:

1.     I am employed as a Deportation Officer with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), currently assigned to Tampa, Florida. I have been employed as a federal law enforcement officer since June 1987.

2.     As a Deportation Officer, I am charged with enforcing United States immigration laws, both administrative and criminal, including investigating violations of such laws and making arrests of deportable aliens in accordance with these laws. I am a federal law enforcement officer with the authority to execute arrest and search warrants under the authority of the United States.

3.     This affidavit is in support of a criminal complaint. The statements contained in this affidavit are based on information provided by other law enforcement officers and my experience and background. I have not included each and every fact known to me concerning this investigation but I have set forth the facts that I believe are necessary to establish probable cause to believe that, Jose Avianeda-Espinoza, a native and citizen of Mexico, has committed the offenses of making materially false representations, possession of a stolen identification document, and aggravated identity theft, in violation of Title 18, United States Code, Sections 1001, 1028(a)(6), and 1028A.

## FACTS AND CIRCUMSTANCES

4.     On December 15, 2015, Jose Avianeda-Espinoza (Avianeda) was found

1

at the State of Florida Probation Office, in Plant City, Hillsborough County, in the Middle District of Florida, by Tampa ICE- ERO Officers of the Fugitive Operation Task Force. When asked for identity he verbally identified himself as a United States citizen born in Puerto Rico. Deportation Officer Angel Gonzalez, who was born in Puerto Rico, recognized that Avianeda had a distinctive accent when speaking that did not sound Puerto Rican. Officer Gonzalez proceeded to warn Avianeda about the consequences of making a false claim to United States citizenship. At that point, Avianeda admitted to being a native and citizen of Mexico with illegal presence in the United States.

5.      On December 15, 2015, ICE/ERO Officers arrested Avianeda and placed him in administrative proceedings pursuant to violations of the Immigration and Nationality Act (INA). On January 4, 2016, Avianeda, during his initial hearing before the Immigration Judge, stated that his name was Misael Rosado-Rivera born in Ponce, Puerto Rico. Between December 15, 2015 and January 4, 2016, ICE obtained documents on which Avianeda relied in support of his claimed Rosado-Rivera identity, specifically, a birth certificate from Puerto Rico, a Florida driver's license, and an employment identification card from U.S. Naval Station, Jacksonville, Florida, all of which identified him as Misael Rosado-Rivera. On January 4, 2016, Avianeda made a sworn statement to ICE/ERO Officer Hector H. Diaz-Martinez and represented that his name was Misael Rosado-Rivera with birth in Ponce, Puerto Rico. This was a materially false statement within the jurisdiction of ICE. On January 6, 2016, Avianeda again made a sworn statement to ICE/ERO Officer Diaz-Martinez that his name was Misael Rosado-Rivera with birth in Ponce, Puerto Rico. This was a materially false

2

statement within the jurisdiction of ICE.  During immigration proceedings, on January 6, 2016, in Orlando, Florida, ICE Office of the Chief Counsel recommended to the court that Avianeda be released from custody based on his claim to U.S. citizenship.  That same date Avianeda was released from ICE custody under electronic surveillance with reporting obligations and pending the outcome of the deportation proceedings.

6.      Further investigations revealed that an individual named Misael Rosado-Rivera, a United States citizen with birth in Puerto Rico, was residing in Bridgeport, Connecticut.  The ERO Officer conducting the investigation contacted the Rosado-Rivera living in Connecticut.  Rosado-Rivera provided to ERO multiple documents as evidence that he was the true bearer of the Rosado-Rivera identity.  Those documents included a Connecticut identification card and a Puerto Rico voter identification card.  Rosado-Rivera also stated that his identity, including his Puerto Rico birth certificate, had been stolen and that he had previously reported this to authorities.  As evidence, Rosado-Rivera produced a copy of a letter from the Florida Department of Law Enforcement (FDLE) Compromised Identity Review Form, dated June 15, 2005.  Based on this investigation, I determined that the birth certificate that Avianeda had in his possession during his January 4, 2016 initial hearing before the immigration judge was a stolen birth certificate.

7.      On April 6, 2016, ERO Officer Gonzalez contacted and interviewed telephonically Maria Del Carmen Rivera-Ortiz, Rosado-Rivera's mother, in an attempt to gather information regarding the real Misael Rosado Rivera.  Maria Rivera-Ortiz, a United States citizen by virtue of birth in Aibonito, Puerto Rico, declared that Misael

3

Rosado-Rivera is her son, that he was born on May 30, 1979, in Ponce, Puerto Rico, and that they have both been residing in Bridgeport, Connecticut for about 12 years. Rosado-Rivera's mother provided her full name, birth date, and place of birth, which matched the information listed on Rosado-Rivera's birth certificate. She also confirmed that her son's identity had been stolen. She stated that she became aware that her son's identity had been stolen approximately 10 years ago. Rosado-Rivera's mother also identified an uncle of Rosado-Rivera, Leonides Soler, who could further confirm her son's true identity. The victim's mother identified a photograph of the victim, Rosado-Rivera, as her son.

8.    During the investigation, ERO Officers interviewed Leonides Soler, born in Ponce, Puerto Rico, who identified himself as the uncle of the Rosado-Rivera living in Connecticut. He declared that Maria Del Carmen Rivera Ortiz (the mother of the Rosado-Rivera in Connecticut) is his half-sister, and identified the victim's father as Misael Rosado, which is the name of the father listed on Rosado-Rivera's Puerto Rico birth certificate. Soler confirmed that he has known the Rosado-Rivera living in Connecticut for over thirty years, that he is his nephew, and that he has only known him as Rosado-Rivera. Soler identified a photograph of Rosado-Rivera as his nephew.

9.    On April 8, 2016, ERO Officers interviewed Avianeda's former girlfriend (who is also the mother of his three children) and Avianeda's oldest daughter. Both the former girlfriend and the eldest daughter were shown a photograph of Avianeda and identified him as Jose Avianeda. Both his former girlfriend and his eldest daughter declared that they have always known Avianeda as Jose Avianeda, they have not

known him by any other name, and they indicated he is a citizen of Mexico. The former girlfriend also provided birth certificates of their three children together. The birth certificates of all three children identify the father as Jose Avianeda. All three of his children also have the last name of Avianeda.

10. Fingerprints taken of Avianeda were submitted through the Integrated Automated Fingerprint Identification System (IAFIS). The system shows that Avianeda acquired an extensive criminal record while in the United States under both names, the name of Jose Avianeda-Espinoza and under Misael Rosado-Rivera.

11. On March 28, 2016, the Immigration Court in Orlando, Florida concluded removal proceedings on Avianeda. Avianeda asserted to the judge that he was Misael Rosado-Rivera and that he had been born in Ponce, Puerto Rico. Based on a review of the evidence and his questioning of Avianeda, the immigration judge determined that Avianeda was not Puerto Rican or a citizen or national of the United States and issued his Removal Order. No information exists, either in the A-file documents or the computer database, that Avianeda had either requested or received permission from any immigration official to enter or be in the United States. Avianeda has not appealed the immigration court's removal order.

## CONCLUSION

12.      Based on the foregoing facts, It is my belief that probable cause exists to charge Jose Avianeda-Espinoza, a citizen and national of Mexico, with making materially false representations, possession of a stolen identification document, and aggravated identity theft, in violation of Title 18, United States Code, Sections 1001, 1028(a)(6), and 1028A.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Nidia Almonte, Deportation Officer
ICE ERO

Sworn to and subscribed before me
This _12_ day of April, 2016

THOMAS B. McCOUN III
United States Magistrate Judge

6